UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| COLTIN DREW HERZOG,<br><br>Plaintiff,<br><br>v.<br><br>Z. SHIFFLETT, JOSHUA CARPENTER, and ETHAN COOK,<br><br>Defendants. | CAUSE NO. 1:25-CV-32-JD-AZ |

OPINION AND ORDER

Coltin Drew Herzog, a prisoner without a lawyer, filed a complaint, alleging the DeKalb County Jail has a deficient grievance process in violation of his constitutional rights. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Herzog sues Lieutenant Z. Shifflett, Jail Commander Joshua Carpenter, and Sergeant Ethan Cook, alleging the DeKalb County Jail's grievance process is deficient. Specifically, Herzog claims that the jail has only a two-step process—an initial grievance to a corporal or sergeant and then an appeal to the lieutenant or captain. He argues that

a two-step process doesn't satisfy the requirements of the Prisoner Litigation Reform Act ("PLRA"), which imposes an exhaustion requirement on prisoners before they can file a lawsuit about prison or jail conditions. *See* 42 U.S.C. § 1997e(a).

This does not state a claim. Herzog has no constitutional right to a grievance process. *See Grieveson v. Anderson*, 538 F.3d 763, 770 (7th Cir. 2008) (noting that there is not a Fourteenth Amendment substantive due process right to an inmate grievance procedure); *Walker v. Rowald*, No. 23-1398, 2023 WL 6818157, at *1 (7th Cir. Oct. 17, 2023) ("[P]risoners do not have a standalone constitutional right to an effective grievance procedure[.]"). Facilities are allowed to create their own grievance procedures, and the PLRA looks to whether the prisoner complied with those rules when determining whether a prisoner properly exhausted his administrative remedies before filing suit. *See Pozo v. McCaughtry*, 286 F.3d 1022, 1023 (7th Cir. 2002). The PLRA doesn't set what those grievance procedures are.

This complaint does not state a claim for which relief can be granted. "The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). "District courts, however, have broad discretion to deny leave to amend a complaint where the amendment would be futile." *Russell v. Zimmer, Inc.*, 82 F.4th 564, 572 (7th Cir. 2023). Here, there are no additional facts that could create a constitutional right to a grievance process, and so it would be futile to allow an amended complaint.

For these reasons, this case is DISMISSED under 28 U.S.C. § 1915A for failure to state a claim.

SO ORDERED on February 13, 2025

/s/JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT